## MOLLFULLEDA *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of San · Juan, Section 1.

No. 73.—Decided January 12, 1911.

CAUTIONARY NOTICE OF SUIT—AUTHENTIC DOCUMENT.—The notification of the entry of a suit, which for the purposes of the cautionary notice thereof should be filed with the registrar in accordance with section 91 of the Code of Civil Procedure and article 42 of the Mortgage Law, must be corroborated by means of an authentic document, namely, a certificate from the clerk of the court where the suit was brought, the mere affirmation of the party in a petition addressed to the registrar not being sufficient for the entry of said cautionary notice, although it is not necessary that such cautionary notice be decreed by the judge or court having cognizance of the matter.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 2, 1910, Juan Mollfulleda filed a petition with the Registrar of Property of San Juan, Section 1, requesting that cautionary notice be entered of a suit which, on his own behalf and as testamentary guardian and executor of the Estate of Ramón Mollfulleda, he had instituted against Juana Ramos Latour, *in re* the nullity of the title to a rural estate of 200 *cuerdas,* situated in *barrio* Hato Rey, municipality of Río Piedras, with specified boundaries, which cautionary notice was refused entry by the registrar for the reasons stated in the following memorandum:

‘‘The cautionary notice of pendency of a suit requested in the foregoing document is refused, it being observed that the latter is not signed by a practicing lawyer, for which reason the notification of said pendency lacks authority, inasmuch as section 91 of the Code of Civil Procedure cannot be so construed as to leave the right of property at the discretion of any person who may address a similar letter to the registrar; nor does it appear from said document that the corresponding suit has been entered and duly filed at the secretary's office, such suit being included in aforesaid section 91 of the Code of Civil Procedure. Both these defects prevent the final entry of the marginal

note as requested.  Moreover, the aforesaid document shows the following omissions: It does not specify the date of the suit, nor the court in which it was brought, nor the names of the persons composing the succession which the petitioner claims to represent.  In lieu thereof a cautionary notice has been entered for the legal term at the margin of record 3d of estate No. 295, duplicate, entered on folio 125, volume 19, of Río Piedras.  San Juan, P. R., May 9, 1910. José S. Belaval, Registrar.''

On August 13, 1910, Mollfulleda again filed a petition with the same registrar, requesting that cautionary notice of the suit, which had before been refused, be now entered.  In said petition he stated that the suit in question had been brought against Juana Ramos Latour, in the District Court of San Juan, Section 1, on April 28, 1909, and that the succession of Ramón Mollfulleda, according to the title of said suit, was composed of Carmen, Margarita, Ramona, Teresa, Paula, Alejandrina, and Gregoria Mollfulleda y Osorio, he further alleging that to appear before the registrar of property there was no need of his employing a lawyer.

The registrar denied Mollfulleda's request for the reason stated in the following memorandum:

''The conversion of the provisional notice referred to in the foregoing document, which had been entered for the legal period into a final cautionary notice is refused, because it does not appear that the first of the defects which prevented the final entry of said notice, namely, lack of authenticity, has been corrected.  San Juan, P. R., August 25, 1910.  E. S. Ginorio, Substitute Registrar.''

From the foregoing decision an appeal has been taken by Mollfulleda, who prays this Supreme Court for a reversal thereof, inasmuch as the original defects, specified in the memorandum of May 9, 1910, had been corrected, with the exception of the one having reference to failure to appear through a lawyer, the latter requisite not being called for by the Mortgage Law.

Upon examining the wording of the decision appealed from we find that it is not based on Mollfulleda's failure to

appear before the registrar through a lawyer, but on the fact that the first of the defects giving rise to the memorandum of May 9, 1910, had not been corrected by means of an authentic document. Said first-mentioned defect could be no other than the omission to show that the corresponding suit had been entered and duly filed with the clerk of the court, such suit being comprised under section 91 of the Code of Civil Procedure. This defect may be corrected by means of an authentic document, whereas a failure to appear through attorney cannot be cured in the manner stated, but by complying with said requisite which certainly is not called for by the Mortgage Law, nor by the Code of Civil Procedure, in the case mentioned in section 91 thereof.

The aforesaid section 91 provides that in an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. And as precedents to the same section we may cite article 42 of the Mortgage Law which, under paragraph 1 thereof, provides that cautionary notices of their respective interests in the corresponding public registries may be demanded by the person who enters suit for the ownership of real property, or for the creation, declaration, modification, or extinction of any property right, while article 91 of the Regulations for the execution of said law regulates the exercise of that power.

True, section 91 of the Code of Civil Procedure does not require, as does article 91 of the Regulations for the execution of the Mortgage Law, that the judge or court should order the cautionary notice entered, since the former provides that the notification of the pendency of the action may

be filed with the proper registrar; and although it does not state in what manner the notification is to be made, there is no doubt that it should be corroborated by means of an authentic document, namely, a certificate from the clerk of the district court where the suit is brought, and not by the mere affirmation of the party in a petition addressed to the registrar, thus affording occasion for fraudulently impairing or prejudicing rights of property which, as the registrar says in his memorandum of May 9, would thereby be left at the mercy of any person applying to the registry with a petition such as the one presented by Mollfulleda.

For the foregoing reasons we are of the opinion that the decision of the Registrar of Property of San Juan, Section 1, of August 25 last should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.